
AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/29/2023

UNITED STATES OF AMERICA

v.

MIGUEL GUERRERO

Case No. 1:07-cr-248

ORDER ON MOTION FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

   ☐ The defendant's previously imposed sentence of imprisonment of _____ is reduced to _____. If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

   ☐ Time served.

   If the defendant's sentence is reduced to time served:

      ☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel.  There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing.  The court DIRECTS the United States Attorney to file a response on or before          , along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

The Court has considered Miguel Guerrero's application for compassionate release and its supporting materials, Dkt. Nos. 202-205, as well as the materials presented to the Court in connection with his sentencing.  The Court recognizes that the "First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release."  United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).  However, here the Court need not reach the question of whether Mr. Guerrero has met his burden to establish the existence of extraordinary and compelling reasons for his release because, having considered the factors set forth in 18 U.S.C. § 3553(a), the Court does not believe that a modification of Mr. Guerrero's sentence is appropriate at this time.  See United States v. Keitt, 21 F.4th 67 (2d Cir. 2021).

Mr. Guerrero was convicted after a seven day trial.  As laid out in the presentence report (the "PSR"), which was adopted with only one minor modification by Judge Holwell at sentencing, Mr. Guerrero trafficked in enormous quantities of cocaine:  he was responsible for distributing

over 2,400 kilograms of cocaine between 2003 and 2006. PSR ¶ 21. He ran his smuggling operation over an extended period of time. Id. He used sophisticated means to conduct his offense. PSR ¶ 21. He used vehicles constructed with special traps to hide the drugs; he used multiple aliases; he even carried a New York City Police Department badge. Id. As a result of the severity of his conduct, Mr. Guerrero's crime had an offense level of 42 and the sentencing guidelines advised a carceral sentence of between 360 months to life.

Judge Holwell sentenced Mr. Guerrero to 240 months imprisonment—10 years less than the bottom of the advisory sentencing guidelines range. In reaching that conclusion, Judge Holwell considered, among other things, the chronic pain that Mr. Guerrero continued to suffer as a result of a gunshot wound he sustained in 2006. (Mr. Guerrero was shot while returning from Atlanta with a load of approximately 20 kilograms of cocaine; Mr. Guerrero believed that his driver set him up to be shot. PSR ¶ 16.) At sentencing, Judge Holwell stated the following: "I've also taken into account the defendant's medical condition. As I said, I don't believe that the defendant has established that the Bureau of Prisons cannot adequately provide relief, but nevertheless, the fact that a prisoner is suffering from long-term chronic pain problems is a factor the court properly should take into account in determining whether and what sentence to apply." Dkt. No. 156 ("Tr.") at 25:23-26:4.

After evaluating the factors set forth in 18 U.S.C. § 3553(a), the Court does not believe that a modification of Mr. Guerrero's sentence is appropriate at this time. Mr. Guerrero's crime was very serious: he was "guilty of a long-term conspiracy, which the evidence presented to the jury showed involved over a thousand kilograms of cocaine over a several-year period of time." Tr. at 25:20-22. The need for personal deterrence remains high remains "an important factor, especially given the massive amounts of drugs that were distributed through the conspiracy." Id. at 26:5-8.

Judge Holwell expressly considered the fact that Mr. Guerrero was expected to be deported following his term of imprisonment. Tr. at 26:8-10. So Mr. Guerrero's renewed arguments here about his anticipated deportation following his sentence do not alter the Court's assessment of the 3553(a) factors. And the need for general deterrence would not be served by a lesser sentence.

The effect of the COVID-19 pandemic and Mr. Guerrero's continuing chronic pain are not weighty enough to affect the balance of the 3553(a) factors in Mr. Guerrero's case, given the nature of the offense and the need for the sentence to achieve the other goals of sentencing. First, as described above, Judge Holwell's sentence already reflects a substantial discount as a result of Mr. Guerrero's chronic pain resulting from his gunshot wound. The sentencing transcript does not, as defense counsel argues, show that Judge Holwell's sentence was somehow contingent on the level of care provided by the Bureau of Prisons: he said that "I don't believe that the defendant has established that the Bureau of Prisons cannot adequately provide relief, but nevertheless, the fact that a prisoner is suffering from long-term chronic pain problems is a factor the court properly should take into account . . . ." Tr. at 25:23-26:4. Judge Holwell clearly discounted Mr. Guerrero's sentence with the understanding that Mr. Guerrero would not find complete relief from his chronic pain at the BOP. Mr. Guerrero is receiving treatment for his chronic pain at the BOP. That Mr. Guerrero has continued to experience chronic pain as a result of his gunshot wound as he describes in his application does not change the balance of the 3553(a) factors. Mr. Guerrero believes that early during the pandemic, he may have caught COVID-19, and that, as a result, he has continued to experience symptoms that he believes may possibly be Long COVID. Dkt. No. 203 at 10-11. The symptoms that Mr. Guerrero attributes to Long COVID do not change the balance of the 3553(a) factors as a whole. Nor does the existence of COVID-19 in his facility. Mr. Guerrero has been vaccinated for COVID-19. Id. at 10. At this point, COVID-19 is endemic. The President

has announced that he will allow the national COVID-19 emergency to expire. That COVID-19 exists in Mr. Guerrero's facility, as it does in the world at large, does not weigh strongly enough in favor of a reduction of his sentence that it changes the Court's assessment of the 3553(a) factors as a whole.

The Court applauds the steps that Mr. Guerrero has taken to improve himself while in prison. He has earned his GED and taken more than 1,440 hours in educational courses. Id. at 23. Still, those accomplishments over the course of his extended term of imprisonment do not outbalance the Court's assessment of the other sentencing factors.

In sum, having considered the 3553(a) factors, the Court concludes that a modification of Mr. Guerrero's sentence is not appropriate at this time. Mr. Guerrero benefited from a very substantial downward variance at his initial sentencing. A lower sentence than the sentence initially imposed on him would not be consistent with the goals of sentencing: it would undermine respect for the law and undermine the deterrent purpose of the original sentence given Mr. Guerrero's very serious offense. The Court does not believe that a reduction in the defendant's sentence is appropriate at this time.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 202 and to mail a copy of this order to Mr. Guerrero.

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

March 29, 2023
New York, New York

                                        GREGORY H. WOODS
                                        UNITED STATES DISTRICT JUDGE